### Elizabeth Newark v. Job Newark.

*Decree in equity: Voluntary dismissal.* The force of a final decree upon the merits and upon pleadings and proofs in the suit in equity is not avoided by the appearance on the record of the cause, prior to the decree, of a voluntary dismissal of the bill by the complainant, entered without notice and without leave of the court.

*Heard January 11. Decided January 12.*

Appeal in Chancery from St. Joseph Circuit.

*Henry H. Riley* for complainant.

*Balch, Smiley & Balch* for defendant.

GRAVES, J.

The bill in this cause was filed in 1869 for a dissolution of the marriage on the ground of adultery. The defendant denied the offenses imputed to him, and also alleged in bar of the suit that in a former case brought by complainant against him for a divorce on the same charges, the court

on final hearing on pleadings and proofs dismissed the bill. The present cause being brought to hearing on pleadings and proofs, the court made a decree, dismissing this bill on the ground that the former decree was a bar.

The existence of the former suit, as well as the identity of the causes of action in the two cases, and the decree of dismissal of the first bill, are fully shown.

The decree which the defendant now sets up as having passed in the first cause, was made by the court at a regular session on the eleventh day of March, 1869. But the complainant seeks to avoid the effect of this decree, by setting up an order entered voluntarily by her solicitor three days before, without notice and without leave of the court, in the following terms: "In this cause, on motion of Mason & Allison, solicitors for complainant, it is ordered that this cause be and the same is hereby discontinued on payment of costs."

This entry was not brought to the attention of the solicitor for defendant until the court had commenced deciding the case upon the merits, on the eleventh of March.

We think it may be implied from the stipulation in the record that it was then suggested to the solicitor for defendant in that cause.

Waiving all discussion as to the right of complainant to voluntarily dismiss her bill, at that stage of the cause, without leave of the court and without notice to, or consent of, the opposite party, we think its appearance in the proceedings cannot avail to detract from the force of the final decree upon the merits.

It was certainly within the general authority of the court to disregard the voluntary order of discontinuance, and grant a decree on the merits; and neither the validity nor operation of such a course could be questioned in a collateral way, if it could at all. As nothing was shown to the

contrary, it is to be presumed that the court was cognizant
of the order in its own records when the final decree was
made, and intended to dispose of the case without regard
to it.   The decree was allowed to stand, and as it differs
essentially, in scope and effect, from the order, it may well
be considered that the latter was superseded by the former.
According to this view, the decree in the first case was
properly held by the court below to bar any relief in this
cause.

The decree appealed from must therefore be affirmed.

The other Justices concurred.